LEROY H. FOLLIS *v.* JOHN N. FOLLIS, ETC.

**Trusts—Property Conveyed to Wife.**

Property conveyed to a wife decided to be held by her in trust for her husband, and subject to payment of his debts.

APPEAL FROM CAMPBELL CIRCUIT COURT.

January 14, 1873.

OPINION BY JUDGE PETERS:

The evidence wholly fails to sustain the view that appellee John N. Follis was in a condition financially to make a settlement of the property claimed by his wife on her. If he and his partner had a capital of $10,000 in their business and made the profit of $7,000 within the space of less than two years, they have been unable, or at least they have wholly failed, to give any consistent and

intelligent account of the manner in which the original capital or the profits have been disposed of.

In 1864 the personal estate given in by N. Fallis to the assessor of the town of Wilmington, Ohio, which seems then to have been the residence of Fallis and wife, for taxation, amounted to the sum of $350, and from the evidence it appears that a piano worth some $400 or $500 was the only valuable personal estate of the wife that the witnesses knew anything about, and that she may have yet.

In 1862 it appears by an instrument in the nature of a mortgage on real estate near to or in Wilmington, Mrs. A. E. Farris loaned to her husband $709, to secure which said instrument was executed. Then that must have been the extent of his indebtedness to her, as she only included that sum. On the 2d of August she, by her writing endorsed on the mortgage, released the same, reciting that it was for value received.

A. S. Berry proves he sold the lots in Bellevue to J. N. Fallis for $1,200; that he paid him for them and he knew no one else in the transaction. Also that he was the agent who negotiated the sale of the Timberlake property. He sold it to J. N. Fallis, who paid $1,200. He (Berry) went his surety for $800 to Timberlake, the balance of the first payment, and he transacted the business with Mr. Fallis and made the deed to the Bellevue lots to Mrs. Fallis by the direction of her husband.

It is apparent from the evidence that Mrs. Fallis has secured to her a much larger amount in the Timberlake house than she has shown she advanced to her husband, and that the Bellevue lots and the lot conveyed to her by Raipe are held in trust for her husband, and should be subjected to the payment of appellant's demand.

Wherefore the judgment is reversed and the cause is remanded with directions to sell so much of the Bellevue lots and the lot in Newport conveyed by Raipe to Mrs. A. E. Fallis as will be sufficient to satisfy appellant's debts, and for further proceedings consistent herewith.

*Hallam & Hallam, for appellant.*

*Hawkins, for appellee.*